SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

## In the Matter of Registrant G.H.; In the Matter of Registrant G.A.
### (A-38-18) (081737)

**Argued October 7, 2019 -- Decided October 29, 2019**

**PER CURIAM**

In these consolidated appeals, the Court considers whether an amendment to Megan's Law applies retroactively.

Registrants G.H. and G.A. both pleaded guilty to offenses that required them to register for life under Megan's Law. At the time of their pleas, they would have been eligible to apply for relief from lifetime registration years later, under subsection (f) of N.J.S.A. 2C:7-2, if certain conditions were met.

After the entry of both pleas, the Legislature enacted subsection (g) of N.J.S.A. 2C:7-2. The new law barred registrants like G.H. and G.A., who had been convicted of more than one sex offense, of aggravated sexual assault, or of sexual assault, as defined, from applying to terminate their registration requirements under subsection (f).

The trial courts in this case applied subsection (g) retroactively. The Appellate Division reversed. 455 N.J. Super. 515, 538 (App. Div. 2018).

Noting that statutes are generally applied prospectively, the Appellate Division first considered whether there was any indication of legislative intent that subsection (g) should apply retroactively. Id. at 531-34. The court observed that "the Legislature did not explicitly provide that subsection (g) applied retroactively" and found no implied intent of retroactive application in the legislative history of Megan's Law or subsection (g). Ibid. The court added that "[a] statute also may be applied retroactively if it is 'curative' . . . or if the parties' expectations warrant retroactive application" but found those "categories of potential retroactive application" inapplicable in this case. Id. at 531 n.5. Finally, the Appellate Division explained that, in light of its finding as to legislative intent, it did not need to reach the additional considerations of whether applying subsection (g) retroactively would interfere unconstitutionally with vested rights or work a manifest injustice, id. at 534, but it addressed those issues "for the sake of completeness," id. at 534-38.

1

**HELD:**  Like the Appellate Division, the Court finds no statement of legislative intent, express or implied, that subsection (g) should be applied retroactively.  Nor does it find that subsection (g) was curative, or that the parties' expectations warranted retroactive application.

**The judgment of the Appellate Division is affirmed and the matter is remanded to the trial court.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

2

# SUPREME COURT OF NEW JERSEY

## A-38 September Term 2018

### 081737

In the Matter of Registrant G.H.

_____

In the Matter of Registrant G.A.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
455 N.J. Super. 515 (App. Div. 2018).

| Argued | Decided |
|---|---|
| October 7, 2019 | October 29, 2019 |

Emily R. Anderson, Deputy Attorney General, argued the cause for appellant State of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Emily R. Anderson, of counsel and on the briefs).

Stephanie A. Lutz, Assistant Deputy Public Defender, argued the cause for respondents G.H. and G.A. (Joseph E. Krakora, Public Defender, attorney; Stephanie A. Lutz, of counsel and on the briefs).

Katherine Haas argued the cause for amicus curiae American Civil Liberties Union of New Jersey (American Civil Liberties Union of New Jersey Foundation, attorneys; Katherine Haas, Liza Weisberg, Alexander Shalom, and Jeanne LoCicero, on the brief).

Michael C. Woyce argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Murphy & Woyce, attorneys; Michael C. Woyce, on the brief).

1

The judgment of the Appellate Division in In re Registrant G.H., 455 N.J. Super. 515 (App. Div. 2018), in which the court concluded that N.J.S.A. 2C:7-2(g) (subsection (g)) of Megan's Law does not apply retroactively, is affirmed.

Registrants G.H. and G.A. both pleaded guilty to offenses that required them to register for life under Megan's Law. See N.J.S.A. 2C:7-2. At the time of their pleas, they would have been eligible to apply for relief from lifetime registration years later, under N.J.S.A. 2C:7-2(f) (subsection (f)), if they did not commit an offense within fifteen years of their convictions or their release from jail, and if a judge found they were "not likely to pose a threat to the safety of others."

On January 8, 2002, after the entry of both pleas, the Legislature enacted subsection (g). The new law went into effect immediately and barred registrants like G.H. and G.A., who had been convicted of more than one sex offense, of aggravated sexual assault, or of sexual assault, as defined, from applying to terminate their registration requirements under subsection (f). N.J.S.A. 2C:7-2(g), (f).

Like the Appellate Division, we find no statement of legislative intent, express or implied, that subsection (g) should be applied retroactively.  G.H., 455 N.J. Super. at 531-34; see also James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 563 (2014).  Nor do we find that subsection (g) was curative, or that the parties' expectations warranted retroactive application.  G.H., 455 N.J. Super. at 531 n.5; see also James, 216 N.J. at 563.

The judgment of the Appellate Division is therefore affirmed, and the matter is remanded to the trial court to determine whether either registrant qualifies for relief under subsection (f).


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.